Hon. Marc L. Barreca
Location: Seattle
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: <br><br> TERRENCE BARR, <br><br> Debtor. <br><br> EDMUND J. WOOD, Trustee of the Estate of Terrence Barr, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY WICKLAND, <br><br> Defendant. | No. 14-17983 <br><br> Adv. No. <br><br> COMPLAINT FOR ORDER AUTHORIZING SALE OF INTEREST OF ESTATE AND CO-OWNER IN REAL PROPERTY |

COMES NOW the Plaintiff, Edmund J. Wood, the Chapter 7 Trustee in the above entitled estate, by and through the undersigned attorney, and states and alleges as follows:

## I. PARTIES AND JURISDICTION

1. <u>Plaintiff.</u>  Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 Bankruptcy Petition of the debtor above named.  The Trustee is authorized to bring this action pursuant to § 363 (h) of the Bankruptcy Code and does so solely in his capacity as Trustee for the estate of Terrence Barr.

2. <u>Debtor.</u>  The debtor filed the present Chapter 7 Bankruptcy Petition on October 30, 2014.

3. <u>Defendant.</u>  Upon information and belief, the Defendant, Jeffrey Wickland ("Defendant"), is believed to reside in the State of Washington, County of King.

**COMPLAINT FOR ORDER AUTHORIZING SALE OF INTEREST OF ESTATE AND CO-OWNER IN REAL PROPERTY - 1**

KATHRYN A. ELLIS, ESQ.
600 Stewart Street
Suite 1300
Seattle, WA 98101
(206) 682-5002

4. This adversary proceeding is one arising in the Chapter 7 case of the above named debtor now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 363. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E), (N) and/or (O).

5. On or about August 17, 2006, the debtor and Defendant, as single individuals, acquired the property located at 6710 Flora Ave S, Seattle, WA (King County APN 3468800190) by Statutory Warranty Deed. On or about October 11, 2006, the debtor's and Defendant's interet in this property was transferred to The Pacifican Revocable Trust. On or about November 26, 2007, the debtor and Defendant, through The Pacifican Revocable Trust, acquired the property located at 6637 Flora Ave S, Seattle, WA (King County APN 2734100865) by Statutory Warranty Deed. The properties referred to above are hereinafter referred to as "the Properties".

6. The debtor and Defendant formed The Pacifican Revocable Trust on or about August 18, 2006. The purpose of the trust was as a holding company for developed residential properties, including the Properties referred to in paragraph 5 above. The funds from the trust were intended to be used for the benefit of the beneficiaries, the debtor and Defendant. On or about April 19, 2011, the trustee, Fred A. Schoen, resigned, was discharged, the debtor was appointed as successor trustee and was directed to marshal and take control of all assets and accounts of the trust. In order to facilitate conveyance of the property, and given the revocation of the trust, title to both properties should be cleared. Pursuant to Article 3, paragraph 3.2, of The Pacifican Revocable Trust, and RCW 11.98 *et seq*, The Pacifican Revocable Trust should be revoked and the assets liquidated, including the Properties above referenced.

7. The Properties are reportedly encumbered by liens that exceed their value. Defendant reportedly consents to the sales, including the short sales of the Properties.

**COMPLAINT FOR ORDER AUTHORIZING SALE OF INTEREST OF ESTATE AND CO-OWNER IN REAL PROPERTY - 2**

KATHRYN A. ELLIS, ESQ.
600 Stewart Street
Suite 1300
Seattle, WA 98101
(206) 682-5002

8. The Properties are not capable of partition and partition is impracticable.

9. Sale of the bankruptcy estate's undivided interest in the Properties would realize significantly less for the bankruptcy estate than would sale of the Properties free and clear of the interest of Defendant.

10. The benefit of the bankruptcy estate of a sale of the Properties free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

11. The Properties are not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

12. Plaintiff is therefore entitled to an order, pursuant to 11 U.S.C. § 363 (h), authorizing the sale of both the bankruptcy estate's interest and Defendant's interest in the Properties.

13. The Court should determine the amount, if any, of Defendant's undivided interest.

WHEREFORE, Plaintiff prays for the following relief:

a) Revocation of The Pacifican Revocable Trust;

b) An order pursuant to 11 U.S.C. § 363 (h) authorizing the sale of the Properties;

c) An order determining the amount, if any, of Defendant's undivided interest;

d) An order clearing title to the Properties; and

e) Such other relief as the Court deems just and equitable.

DATED this 24th day of December, 2014.

/s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Plaintiff

C:\Shared\KAE\Dox\Barr\cmp\363h_cmp.wpd

**COMPLAINT FOR ORDER AUTHORIZING SALE OF**
**INTEREST OF ESTATE AND CO-OWNER IN REAL PROPERTY - 3**

KATHRYN A. ELLIS, ESQ.
600 Stewart Street
Suite 1300
Seattle, WA 98101
(206) 682-5002